IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DUSTIN WARNOCK**                                                               **PLAINTIFF**

vs.                                      No. 4:19-cv-813-LPR

**CAPITAL CITY TRAFFIC CONTROL, LLC,**                          **DEFENDANTS**
**and JAY MUNIZ**

## FIRST AMENDED AND SUBSTITUTED COMPLAINT

COMES NOW Plaintiff Dustin Warnock ("Plaintiff"), by and through his attorneys Lydia H. Hamlet and Josh Sanford of the Sanford Law Firm, PLLC, and for his First Amended and Substituted Complaint against Capital City Traffic Control, LLC, and Jay Muniz (collectively "Defendants"), he does hereby state and allege as follows:

## I.
## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff a proper overtime premium for certain hours that Plaintiff worked over forty (40) each week, and for Defendants' retaliation against Plaintiff under the FLSA.

2. The purpose of this First Amended and Substituted Complaint is to add Plaintiff's claim for retaliation pursuant to the FLSA, 29 U.S.C. § 215(a)(3).

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Arkansas, operating a traffic control company based in North Little Rock.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7. Plaintiff was employed by Defendants at their traffic control company located in the Western Division of the Eastern District of Arkansas.

8. The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.
## THE PARTIES

9. Plaintiff is a citizen of the United States and a resident and domiciliary of Arkansas.

10. Plaintiff was employed by Defendants as an hourly employee from April of 2016 until September of 2017, then as a salaried employee from September of 2017

until June of 2018, and then again as an hourly employee from May 2019 until December 3, 2019.

11. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

12. Defendant Capital City Traffic Control, LLC ("Capital City"), is a domestic limited liability company.

13. Capital City's registered agent for service is Jay Muniz, at 21410 Crab Apple Circle, Hensley, Arkansas 72065.

14. Defendant Jay Muniz ("Muniz") is a citizen of the United States and a resident and domiciliary of Arkansas.

15. Muniz is the owner, principal, officer and/or director of Capital City.

16. Muniz manages and controls the day-to-day operations of Capital City, including but not limited to the decision to not pay Plaintiff a sufficient wage.

17. Defendants own and operate a traffic control company.

18. Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

19. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. Defendants employed four or more individuals in each week in each of the three years preceding the filing of this Complaint.

## III.
## FACTUAL ALLEGATIONS

21. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

22. At all relevant times herein, Defendants were an "employer" of Plaintiff within the meaning of the FLSA.

23. From September of 2017 until June of 2018, ("at all times material herein"), Plaintiff was misclassified by Defendants as salaried and exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

24. At all relevant times herein, Defendants directly hired Plaintiff to work at their facility, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

25. During the statutory period, Plaintiff worked as a traffic control technician.

26. Plaintiff's duties included loading equipment, setting up traffic control devices, flagging traffic, and cleaning the company trucks.

27. In carrying out his duties, Plaintiff followed instructions from his supervisors and did not exercise independent judgment.

28. Plaintiff did not manage any other employees.

29. Plaintiff did not hire or fire any other employee.

30. Plaintiff was not asked to provide input as to which employees should be hired or fired.

31. Plaintiff regularly worked over forty (40) hours per week.

32. At all times material herein, Plaintiff's wages remained the same regardless of how many hours he worked.

33. At all times material herein, Defendants have deprived Plaintiff of overtime compensation for all the hours worked over forty (40) per week.

34. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

35. On December 3, 2019, Defendants fired Plaintiff without legitimate explanation.

36. Upon information and belief, Defendants terminated Plaintiff's employment in retaliation for asserting his rights under the FLSA.

## IV.
## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act)

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

39. At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

40. At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

41. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week

and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

42. At all times material herein, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

43. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

44. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

45. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## V.
## SECOND CAUSE OF ACTION
**(Arkansas Minimum Wage Act)**

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

48. At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

49. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay

one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

50. At all times material herein, Defendants misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

51. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime premium for all hours worked over forty (40) in each week.

52. Defendants' failure to pay Plaintiff all wages owed was willful.

53. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VI.
## THIRD CAUSE OF ACTION

**(Violation of the Anti-Retaliation provisions of the FLSA)**

54. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55. Defendants' termination of Plaintiff was a direct and willful violation of the FLSA's anti-retaliation provisions at subsection 215(a)(3), which forbids employers from firing or otherwise taking retaliatory action against individuals who have asserted their rights under the FLSA.

56. Pursuant to the FLSA, employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any

complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

57. Protection from retaliation applies to both former and present employees.

58. Plaintiff engaged in protected activity by filing his Original Complaint.

59. Defendants fired Plaintiff in a clear act of retaliation against Plaintiff solely due to Plaintiff's filing of this lawsuit.

60. Plaintiff should be compensated for lost income due to Defendants' unlawful retaliation, and should be compensated for any pain, suffering, or loss of face suffered as a result of Defendants' actions.

61. Further, punitive damages should be assessed against Defendants for their blatant and willful actions to retaliate against Plaintiff for his participation in this case and to intimidate Plaintiff in direct and intentional violation of the anti-retaliation provisions of the FLSA.

62. Any employees of Defendants who participated in the retaliatory acts against Plaintiff should be subject to criminal sanction pursuant to 29 U.S.C. § 216(a).

## VII.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dustin Warnock respectfully requests that this Court grant the following relief:

A. Summon each Defendant to appear and answer herein;

B. Enter declaratory judgment that the practices complained of herein are unlawful under Federal and Arkansas law;

C. Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff is entitled;

D. Award Plaintiff compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage from a period starting three (3) years prior to the date he brought this claim through the date of trial;

E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff during the applicable statutory period;

F. Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

G. An award to Plaintiff of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

H. All such other relief to which this Court may find Plaintiff entitled.

Respectfully submitted,

**PLAINTIFF DUSTIN WARNOCK**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com